IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LINDIE K.,[1] | Case No. 3:21-cv-01589-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

This matter comes before the Court on the Commissioner of the Social Security Administration's ("Commissioner") motion to alter judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59(e). The Commissioner asks the Court to reconsider its Opinion and Order dated March 22, 2023, which reversed the Commissioner's denial of Plaintiff's applications for Supplemental Security Income and Disability Insurance Benefits and remanded for a finding of disability and payment of benefits. (*See* Op. & Order, ECF No. 33.) The parties have consented

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

PAGE 1 – OPINION AND ORDER

to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court denies the Commissioner's motion.

## DISCUSSION

**I.     STANDARD OF REVIEW**

"Rule 59(e) allows a litigant to file a 'motion to alter or amend a judgment.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting FED. R. CIV. P. 59(e)). Rule 59(e) "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Id.* (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).

Under Rule 59(e), "a court has discretion to alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law." *Fenton v. Colvin*, No. 6:14-cv-0350-SI, 2015 WL 3464072, at *1 (D. Or. June 1, 2015) (citing *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) and *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)). Courts, however, "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703 (citing 11 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2810.1, pp. 163-64 (3d ed. 2012)). The Ninth Circuit has explained that Rule 59(e) "offers an extraordinary remedy, [which should] be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 980 (9th Cir. 2000) (citation omitted).

**II.    ANALYSIS**

In its March 22, 2023, Opinion and Order, the Court concluded, *inter alia*, that the Administrative Law Judge ("ALJ") improperly discounted Plaintiff's symptom testimony based on a finding that her testimony was inconsistent with the objective medical evidence, and that the

PAGE 2 – OPINION AND ORDER

ALJ failed to include all of Plaintiff's limitations in the residual functional capacity ("RFC") determination. *See Lindie K. v. Kijakazi*, No. 3:21-cv-01589-SB, 2023 WL 2597611, at *3-4 (D. Or. Mar. 22, 2023). The Court found that "there [was] not substantial evidence in the record to support the ALJ's conclusion" and that if Plaintiff's symptom testimony was "credited as true, the ALJ would be required to find Plaintiff disabled on remand." *Id*. at *6. The Court further found that it "d[id] not have any serious doubt about whether Plaintiff is disabled" and therefore the Court exercised its discretion to remand for an award of benefits. *Id*. at *7-8.

The Commissioner argues that the Court clearly erred by remanding for an award of benefits.[2] (*See* Def.'s Mem. Supp. Mot. at 1, ECF No. 35.) Although the Commissioner "maintains that substantial evidence supports the ALJ's decision on the merits[, ]for the purposes of th[e] Rule 59(e) motion, the Commissioner focuses only on the Court's ruling concerning the remedy." (*Id*. at 2.) Specifically, the Commissioner argues that because the "record contains various discrepancies that call [Plaintiff's] disability into question" further administrative proceedings are necessary. (*Id*. at 4.) The Commissioner asserts that the Court "misapplied" the "ordinary remand rule[.]" (*Id*. at 3, citing *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2018) and *Brown-Hunter v. Colvin*, 806 F.3d 487, 594 (9th Cir. 2015)). Plaintiff responds that the Commissioner "reiterate[s] arguments made in the response brief which have already been considered by the Court and rejected." (Pl.'s Opp'n at 3, ECF No. 36.) In reply, the Commissioner asserts that "significant factual conflicts in the record" and "inconsistencies" in the evidence demonstrate that "an award of benefits is inappropriate." (Def.'s Reply at 2-3, ECF No. 37) (citations omitted).

---

[2] The Commissioner does not assert that there has been an intervening change in controlling law nor any new evidence discovered.

Despite the ordinary remand rule, the Ninth Circuit has recognized that "Congress has granted courts some additional flexibility . . . 'to reverse or modify an administrative decision without remanding the case for further proceedings.'" *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citations omitted). The Ninth Circuit has clearly instructed that "in appropriate circumstances" a district court may remand a Social Security appeal for an award of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014); *see also Treichler*, 775 F.3d at 1100 ("'[T]here are sound practical reasons why we have viewed our own decisions in this area as discretionary,' namely because the 'decision whether to remand for further development of the administrative record or to direct an immediate award of benefits is a fact-bound determination that arises in an infinite variety of contexts,' and '[n]arrow rules do not serve well in such a situation.'") (citation omitted). As the Court discussed in its Opinion and Order, courts determine whether such circumstances exist by applying the "credit as true" standard. *See Treichler*, 775 F.3d at 1100-01. The credit-as-true standard is satisfied if three conditions are present: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020 (citations omitted).

In its March 22, 2023, Opinion and Order, the Court made specific findings regarding each condition of the "credit as true" standard. *See Lindie K.*, 2023 WL 2597611, at *6. Specifically, the Court found that the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's gastrointestinal and urinary symptom testimony, that the record has been

PAGE 4 – OPINION AND ORDER

fully developed, and that if the improperly discredited evidence is credited as true, on remand the ALJ would be required to find Plaintiff disabled. *Id.*

In asking the Court to alter its judgment to rule in his favor, the Commissioner repeats the same arguments he raised in his original brief, which the Court rejected. The Commissioner's dissatisfaction with the Court's opinion is "insufficient grounds for relief under Rule 59(e)." *Graham v. Astrue*, No. CV 08-6367-HO, 2010 WL 11538584, at *2 (D. Or. July 14, 2010) ("[M]ere dissatisfaction with the court's order is insufficient grounds for relief under Rule 59(e)."); *see also Tunnel v. Colvin*, No. 2:14-cv-1334 AC, 2015 WL 8011622, at *2 (E.D. Cal. Dec. 7, 2015) ("The motion for reconsideration will be denied where, as here, the Commissioner offers mere disagreement with the court's decision, and recapitulates the arguments it made before the court in its cross-motion for summary judgment.").

With respect to the Commissioner's assertion that the Court clearly erred, in its Opinion and Order the Court concluded after its comprehensive review of the voluminous record that the ALJ did not articulate legally sufficient reasons to discount Plaintiff's testimony regarding her frequent and urgent need to use the bathroom. *See Lindie K.*, 2023 WL 2597611, at *4-5. Despite Plaintiff's testimony and medical records reflecting that Plaintiff experienced diarrhea up to ten times per day as well as urinary incontinence, the ALJ did not incorporate any limitations in Plaintiff's RFC relating to her need for frequent and urgent bathroom breaks, but instead concluded that Plaintiff could sustain full-time employment so long as there was a bathroom somewhere on the premises. (Tr. 24.) Concluding that the ALJ's discounting of Plaintiff's symptom testimony was error and citing the vocational expert's testimony that additional breaks to use the bathroom would preclude competitive employment, the Court concluded that on

remand the ALJ would be required to find Plaintiff disabled and further administrative proceedings would therefore serve no useful purpose. See *Lindie K.*, 2023 WL 2597611, at *6-7.

The Commissioner now argues that the ALJ must again evaluate Plaintiff's gastrointestinal and urinary symptoms in light of the same medical evidence of record and her same activities of daily living. (Def.'s Mem. Supp. Mot. at 6-8.) The ALJ already analyzed Plaintiff's gastrointestinal and urinary symptom testimony in light of the medical evidence of record and her activities of daily of living, and the Commissioner already presented argument in support of the ALJ's analysis. (*See* Def.'s Br. at 3-7, "Here, the ALJ agreed that [Plaintiff] had functional limitations restricting her to a range of light work, with various postural limitations and access to a bathroom onsite. Tr. 21. In so finding, the ALJ gave valid reasons why [Plaintiff] was not as restricted as she alleged. To start, [Plaintiff]'s complaints conflicted with her medical record. . . . [Plaintiff] also engaged in activities illustrating that she functioned better than she claimed. Tr. 25-26."). Further administrative proceedings to evaluate the same evidence and perform the same analysis—now nearly five years after Plaintiff filed her applications—are unnecessary.[3]

The Commissioner has presented no new evidence nor intervening change in the governing law, and has not identified any clear error nor manifest injustice in the Court's opinion. The Court therefore stands by its original conclusion that an award of benefits is the appropriate remedy here. See *Tunnel*, 2015 WL 8011622, at *3 (denying the Commissioner's motion to alter or amend judgment and noting, *inter alia*, that "the Ninth Circuit . . . has made clear that when those rare [credit-as-true] circumstances are present, the district court errs by

---

[3] In addition, although not relevant to the credit-as-true standard, the delay caused by further administrative proceedings would be unfair to a disabled individual diligently attempting to obtain relief from a federal program plagued by ongoing problems.

PAGE 6 – OPINION AND ORDER

failing to apply the remedy of remand for payment of benefits") (collecting cases); *see also* *Hoffschneider v. Kijakzi*, No. 18-15504, 2022 WL 3229989, at *3 (9th Cir. Aug. 10, 2022) ("[T]he vocational expert has already testified that if [the plaintiff] were required to walk during breaks or lie down during the day, he would be unable to perform substantial gainful activity. Once the improperly discredited evidence is credited as true, the vocational expert's testimony forecloses a determination that [the plaintiff] can work. . . . We therefore reverse and remand with instructions to remand to the Commissioner for a calculation and award of benefits.") (citation omitted); *Garrison*, 759 F.3d at 1022 (affirming the district court's remand for an award of benefits because, *inter alia*, the plaintiff "satisfied all three parts of the credit-as-true analysis" and explaining that "[t]he Commissioner simply repeats all of the arguments she has already made" and "[a]s before, dwells on the bare handful of records showing slight improvement in [the plaintiff's] condition" but "at no point does she advance any argument against the evidence that [the court] ha[d] not already carefully considered and rejected").

## CONCLUSION

For the reasons stated, the Court DENIES the Commissioner's motion to alter judgment (ECF No. 35).

**IT IS SO ORDERED.**

DATED this 1st day of June, 2023.

*Stacie F. Beckerman*

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge